UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 02-0238 |
| | CA NO. 05-1468 |
| PEDRO SANTILLANA | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Pedro Santillana's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**. (Document #66.)

### I. BACKGROUND

On December 4, 2002, Pedro Santillana pleaded guilty to a two-count indictment charging him and others with conspiracy to possess with intent to distribute and possession with intent to distribute more than 100 kilograms of marijuana. In the presentence report, the probation officer recommended that Santillana be designated as a career offender under U.S.S.G. § 4B1.1(a).

Santillana filed a motion for a downward departure on grounds that the career offender designation significantly overrepresented his criminal history. The court denied the motion for a downward departure and sentenced Santillana as a career offender to concurrent terms of

imprisonment of 188 months.  Santillana filed a timely notice of appeal on the issue of career offender status.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment of the court on December 31, 2003.  The United States Supreme Court denied a writ of *certiorari* on March 30, 2004.  Santillana filed a timely motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

Santillana raises three issues in his § 2255 motion:  1) counsel was ineffective at sentencing by failing to show that his conviction for aggravated assault under the Texas Penal Code should not have applied under the federal sentencing guidelines for purpose of career offender status,  2)  appellate counsel rendered ineffective assistance by failing to raise on appeal the issue that Santillana is actually innocent of the prior conviction used to qualify him as a career offender, and 3) his sentence was excessive because of his challenge to the underlying conviction used to enhance his sentence as a career offender.

"Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  Constitutional or jurisdictional claims that could have been raised on direct appeal are not reviewable unless a defendant shows cause for his procedural default and actual prejudice as a result of the error.  See United States v. Drobny, 955 F.2d 990, 994-95 (5th Cir. 1992).  The claims that counsel was ineffective are proper in a § 2255 motion because they are of

constitutional magnitude and, as a general rule, cannot be resolved on direct appeal. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992) (citing inter alia United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987)).

To support the claims of ineffective assistance of counsel, the movants must prove two components: 1) that counsel made errors that were so serious that they were deprived of their Sixth Amendment guarantee and 2) that the deficient performance prejudiced the movants' defense. Strickland v. Washington, 104 S.Ct. 2052 (1984). There is no reason for a court to address both the performance and the prejudice components if the defendant makes an insufficient showing on one. See Id. at 2069.

**A. Ineffective assistance of counsel at sentencing and on appeal**

Santillana contends that counsel was ineffective in failing to challenge his prior conviction on grounds that it is not an "aggravated" crime under Texas law. He argues that he brandished a "BB" gun after a near collision with another vehicle in order to frighten the occupants of the other vehicle, not to threaten them with "imminent bodily injury" or "serious bodily injury or death." Further, Santillana argues that counsel failed to argue on appeal that he was actually innocent of the prior conviction used to support career offender status.

Santillana's argument is factually incorrect because counsel challenged the career offender determination at sentencing in a motion for downward departure and on direct review. At sentencing, the court stated the following:

> Application Note 1 of Section 4B1.2 lists aggravated assault as an enumerated crime of violence. The defendant was at least 18 years old when he committed this offense, the present offense is a controlled substance offense, and the

3

>   defendant has been convicted of two prior crimes of violence, *i.e.* aggravated
>   assault, within the meaning of section 4B1.1.  The plain language of the
>   guidelines requires that the defendant be classified as a career offender.  See
>   United States v. Govan, 293 F.3d 1248, 1250 (11th Cir. 2002).  The defendant
>   contends in a motion for downward departure that the career offender designation
>   significantly overrepresents his criminal history.  He argues that, under the facts
>   of this case, the aggravated assault should not be considered a crime of violence.
>   Where the crime of violence is specifically enumerated in the guidelines, as it is
>   in this case, the court does not inquire into the facts of the predicate offense to
>   determine career offender status.  See United States v. McQuilkin, 97 F.3d 723,
>   728 (3rd Cir. 1996).  However, the court examines the circumstances of the
>   defendant's prior criminal history to determine if a downward departure is
>   appropriate.  The defendant was arrested on March 30, 1999, and received 10
>   years of probation for brandishing a weapon at the occupants of another vehicle
>   after a near collision with the vehicle he was driving.  A rule to revoke his
>   probation is pending.  On April 8, 1999, the defendant received one year of
>   probation for breaking the front windshield and slashing the tire of a vehicle
>   belonging to another.  On September 8, 1999, the defendant was arrested for
>   trying to run over a person with his speeding vehicle after an altercation.  When a
>   police officer advised him to slow down, the defendant threatened the officer in
>   retaliation.  He received a sentence of 10 years probation, and a rule to revoke his
>   probation is pending.  On February 1, 2002, the defendant was arrested on
>   charges that he stabbed Pedro Macillas and attempted to run over his wife and
>   daughter when he was warned that the police had been called.  The defendant was
>   indicted for aggravated assault on September 24, 2002, and the case is pending.
>   The court concludes that the criminal history category does not overrepresent the
>   seriousness of the defendant's criminal conduct and propensity for violence, and
>   the motion for a downward departure is denied.

Reasons for Sentence; see also R. doc. #60.

On appeal, counsel argued that "a Texas aggravated-assault conviction used to establish his career-offender status was not a 'crime of violence' due to the facts that he was only 17 at the time of the prior felony, the crime involved only a BB gun, no one was harmed, and he received only probation." United States of America v. Pedro Santillana, No. 03-30349 (5th Cir. Dec. 9, 2003) (unpublished); R. doc. #64. The Court of Appeals declined to consider the underlying

facts because the guidelines define "crime of violence" specifically to include "aggravated assault." Id.

Although Santillana couches his argument in terms of an ineffective assistance of counsel claim, he merely puts forth arguments concerning his career offender status that have been presented and considered by the courts previously. Arguments that have been considered and rejected in prior proceedings will not be considered on § 2255 review. See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

## B. Improperly enhanced sentence

Santillana contends that his sentence violates his Sixth Amendment right to have the facts underlying his sentence be proved beyond a reasonable doubt. Santillana contends that his guideline range should be 57 to 71 months based on conduct in the indictment and the factual basis, which he accepted as true in his plea of guilty. Santillana relies on Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) to support his argument. In Blakely, the Supreme Court applied the rule of Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court reaffirmed "that prior convictions are excluded from the facts that must be admitted or submitted to the jury." See United States v. Medina-Torres, 2005 WL 2746802 (5th Cir. Oct. 25, 2005).

Santillana has not made the requisite showing of the denial of a Sixth Amendment right for two reasons. First, Apprendi does not apply because it is not retroactively applicable to

5

initial petitions under § 2255.  See  United States v. Webster, 392 F.3d 787, 792 (5th Cir. 2004). Further, Santillana's career offender status was based on his prior convictions for aggravated assault in state court, and Blakely and Apprendi do not require that the fact of a prior conviction be proved beyond a reasonable doubt.

Accordingly, Santillana' motion to vacate, set aside, or correct sentence is denied.

New Orleans, Louisiana, this  13th  day of December, 2005.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**